Dorothy HARVEY, Plaintiff—
Appellant,

v.

**ALAMEDA COUNTY MEDICAL CEN-TER, and Highland Hospital, its affiliate; et al., Defendants—Appellees.**

No. 03–16831.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2005.*

Decided March 18, 2005.

As Amended April 4, 2005.

William R. Hopkins, Wells & Hopkins, Oakland, CA, for Plaintiff-Appellant.

Stephanie M. Wells, Wells & Hopkins, San Francisco, CA, Clyde A. Thompson, Esq., Strickland, Haapala, Altura, Harnett, Maguire & Thompson, Gregory James Rockwell, Boornazian Jensen & Garthe, Oakland, CA, Molly C. Machold, for Defendants-Appellees.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM **

We affirm the district court's adverse grant of summary judgment on Dorothy Harvey's 42 U.S.C. § 1983 claims against Alameda County, the Alameda County Medical Center, and Dr. Milton Lorig.

A public entity can only be liable when it commits constitutional violations pursuant to the entity's official policy or custom, *Monell v. Department of Social Services,* 436 U.S. 658, 690–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), or due to inadequate training rising to the level of deliberate indifference. *City of Canton v. Harris,* 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Harvey has presented no genuine issue of material fact that Alameda County (1) has a policy of not requiring deputies to determine that a detainee has a mental disorder, as required when executing a Section 5150 hold under the California Welfare and Institutions Code, (2) has failed to train deputies on Section 5150 holds, or (3) has a policy condoning excessive force in executing a Section 5150 hold.

Similarly, Harvey has presented no genuine issue of material fact that the Alameda County Medical Center has a policy of restraining or sedating patients when they are cooperative or nonresistant.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.